IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Todd Flemal, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20110022-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Labor Commission, Chad Ewing dba | ) | (February 16, 2012) |
| Italian Drywall, and Uninsured | ) | |
| Employers Fund, | ) | 2012 UT App 41 |
| | ) | |
| Respondents. | ) | |

-----

Original Proceeding in this Court

Attorneys:    Michael Gary Belnap, Ogden, for Petitioner
              Mark L. Shurtleff and Brent A. Burnett, Salt Lake City, for Respondent
              Uninsured Employers Fund
              Theodore E. Kanell and Daniel E. Young, Salt Lake City, for Respondent
              Chad Ewing

-----

Before Judges Orme, Thorne, and Christiansen.

¶1     Todd Flemal seeks review of the Labor Commission's decision denying him benefits for an alleged workplace accident. More particularly, Flemal challenges the Labor Commission's determination that Flemal's injury did not arise in the course of his employment because Flemal's employment had ended prior to the accident.

¶2     "We will disturb the Commission's findings of fact only if they are clearly erroneous." *Salt Lake City Corp. v. Labor Comm'n*, 2007 UT 4, ¶ 13, 153 P.3d 179. We give such deference to the Labor Commission concerning "questions of fact because it stands in a superior position from which to evaluate and weigh the evidence and assess the credibility and accuracy of witnesses' recollections." *Drake v. Industrial Commission*, 939

P.2d 177, 181 (Utah 1997). "'When an agency has discretion to apply its factual findings to the law, we will not disturb the agency's application unless its determination exceeds the bounds of reasonableness and rationality.'" *Olsen v. Labor Comm'n*, 2011 UT App 70, ¶ 11, 249 P.3d 586 (citation omitted).

¶3 Flemal argues that the Labor Commission erred in determining that he was not employed at the time of the accident. In resolving this question, the Labor Commission reviewed the conflicting testimony that was offered by Flemal and his employer, Chad Ewing. Ewing claimed that he terminated Flemal prior to the accident and told Flemal not to do anything until he arrived back at the site. Flemal, on the other hand, asserted that Ewing never terminated him and that he was injured while performing the duties assigned to him. The Labor Commission found credibility problems with both parties. However, the Labor Commission gave significant weight to the testimony of Nicholas Bassett, another employee of Ewing, who was present during much of the interaction between Ewing and Flemal. The Labor Commission noted that Bassett had no direct personal interest in the matter and that his testimony was direct and consistent. Bassett corroborated the testimony of Ewing by testifying that he heard Ewing tell Flemal that he was not needed anymore, that Flemal was not to do any more work, and that Ewing would be back to pick Flemal up after Ewing picked up his kids. Based largely upon this testimony, the Labor Commission determined that Flemal was not employed at the time of the accident. Due to the deference given to the Labor Commission concerning credibility determinations and the weighing of conflicting evidence, we cannot say that the Labor Commission's finding was clearly erroneous. *See Salt Lake City Corp.*, 2007 UT 4, ¶ 13.

¶4 For these reasons we decline to disturb the Labor Commission's final order.

_____
Gregory K. Orme, Judge


_____
William A. Thorne Jr., Judge


_____
Michele M. Christiansen, Judge